# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PETER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WOJCICKI, et al., <br><br> Defendants. | **ORDER GRANTING IFP AND RECOMMENDATION FOR DISMISSAL** <br><br> Case No. 2:22-cv-00006-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiffs Maria Peter, Michael Peter, Julika Berger, and Jarolin Berger's (collectively Plaintiffs) application to proceed without prepayment of fees under 28 U.S.C. § 1915 (ECF 1). Independent of Plaintiffs' application, and pursuant to Local Rule 3-2(b), the undersigned recommends that the court dismiss the complaint as frivolous and failing to state a claim upon which relief may be granted.[1]

## I.  Motion to Proceed Without Prepayment of Fees

Plaintiffs ask the court to allow them to proceed with his action without paying the required filing fee and other costs associated with litigation (commonly called proceeding in forma pauperis or IFP). The court may grant the plaintiff's request if he or she submits an affidavit describing their assets and the court finds that he or she is unable to pay the filing fee. *See* 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation and still "be able to provide [himself and his dependents] with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations emitted). As part of its evaluation under the statute, the

---

[1] Because Plaintiffs are acting *pro se*, the court construes his pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

court must also consider the viability of his claims. If the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, it must be dismissed. *See* 28 U.S.C. § 1915(e).

Having reviewed Plaintiffs' IFP application the court finds they lack the resources to pay the costs associated with this litigation. Therefore, the motion to proceed IFP will be granted.

**II.     The Complaint is frivolous and fails to state a claim upon which relief may be granted.**

On receipt of an IFP application, a judge may review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e). *See* DUCivR 3-2(b). Section 1915(e) provides that the court "shall dismiss the case at any time if the court determines" that the action "is frivolous" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Section 1915(e) "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Id.* at 327. To help facilitate that objective, Section 1915(e) provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

A cause of action is legally frivolous if it alleges the "infringement of a legal interest which clearly does not exist." *See id.*; *see also Sardakowski v. Ivandick*, 653 F. App'x 596, 597 (10th Cir. 2016). A complaint is factually frivolous when its factual allegations are "clearly baseless" a classification encompassing allegations that are fanciful, fantastic and delusional.

*Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Plaintiffs' *pro se* status does relax the pleading standards some, but it does not eliminate the basic requirements that his complaint contain facially plausible claims.

Plaintiffs' Complaint contains a host of allegations regarding an "anxiety disease," "Anxa," the "Again-Killer-Virus-Attack" (ECF 2).  Other accusations include fear of risks and attacks using "bioweapons-terror" (ECF 2).  Plaintiffs request the court compensate them with military weapons to defend "against killer-virus-attackers" (ECF 2).  There is no interpretation of these assertions, even under the most liberal construction possibly afforded a pro se plaintiff, by which the court can decipher a cognizable claim.  Moreover, the Complaint alleges Plaintiffs are residents of the country of Austria, and no defendant is alleged to reside in the District of Utah.  It is therefore unclear what connection there is to Utah to establish this District is the proper forum. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (the constitutional touchstone in determining whether a court may exercise personal jurisdiction over a defendant remains whether the defendant purposefully established "minimum contacts" in the forum); *see also Gschwind v. Cessna Aircraft Co.*, 161 F.3d 602, 606 (10th Cir. 1998) (when the plaintiff is foreign, the private and public interest factors need not so heavily favor the alternate forum). Plaintiffs' Complaint alleges that several United States citizens have also been affected by

defendants "anxiety disease" but have not joined in the complaint for "fear of assassination by Defendants" (ECF 2).  The court finds neither personal nor subject matter jurisdiction has been established in the Complaint.  Therefore, even if the court were to accept Plaintiffs' allegations accepted as true, the complaint fails to state a plausible claim for relief based on lack of jurisdictoin.

Finally, the Tenth Circuit has explained that a court "should dismiss with leave to amend … if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief."  *Brever v. Rockewell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. (1994).  A court, however, "may dismiss a pro se complaint sua sponte without permitting the plaintiff to amend the complaint … if it is clear that the amendment would be futile."  *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) (quotations and citation omitted).  Such is the case here under any reading of Plaintiffs' factual assertions, or lack thereof, it is clear any amendment would be futile.

For these reasons, the court should dismiss Plaintiffs' complaint as frivolous and for failing to state a claim upon which relief may be granted.

## ORDER AND RECOMMENDATION

For the aforementioned reasons, the court grants the application to proceed without prepayment of fees.  In addition, consistent with DUCivR 3-2(b) and under § 1915(e), the undersigned recommends that Plaintiffs' complaint be dismissed as frivolous and for failing to state a claim upon which relief may be granted.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within **fourteen (14) days** of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 28 January 2022.

_____
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah